IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHARLES EVAN FRICK                                                               PLAINTIFF

v.                          Civil No.: 1:18-CV-01016

DOUG WOOD, Ouachita County Detention
Center ("OCDC"); and CAMERON
OWENS, OCDC                                           DEFENDANTS

## **ORDER**

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed the Complaint in this matter in the Eastern District of Arkansas, on January 30, 2018. (ECF No. 1). The case was transferred to this Court on March 5, 2018. (ECF No. 5). On March 6, 2018, this Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 8). In the text only Order, Plaintiff was advised that "he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of the new address." Plaintiff was further advised that "[t]he case will be subject to dismissal if Plaintiff fails to inform the Court of an address change."

The Court also entered an Order directing Plaintiff to complete an Addendum to include specific factual information regarding his claims. (ECF No. 10). The completed Addendum was

ordered to be returned to the Court on or before March 27, 2018.[1]  Plaintiff was advised that failure to respond within the required period of time may result in the dismissal of this action.

On March 12, 2018, mail addressed to Plaintiff from the Court was returned as undeliverable, marked "Returned to Sender, Not here."  On March 14, 2018, the Order directing that an Addendum be filed was returned as undeliverable and marked "Return to Sender-No Longer Here." (ECF No. 11).  On March 15, 2018, the Order granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* was returned marked "Return to Sender-No Longer Here."  (ECF No. 12).  Plaintiff did not file a completed Addendum in the time requested by the March 6, 2018 Order.

Plaintiff has not communicated with the Court since filing his original Complaint in the Eastern District of Arkansas on January 18, 2018.  To date, Plaintiff has not provided the Court with a current and correct address.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be liberally construed, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

---

[1] The Order actually states March 27, 2017.  However, because the Order was dated March 6, 2018, it is clear that the year was a scrivener's error, with 2018 being the intended year.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

In the present case, Plaintiff has failed to comply with a Court Order directing him to fill out and file an Addendum and has failed to keep the Court advised of his address. In addition, Plaintiff has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 26th day of April 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge